NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3317

HATTIE A. DICKERSON,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Hattie A. Dickerson, of Warner Robins, Georgia, pro se.

Scott R. Damelin, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Mark A. Melnick., Assistant Director.

Appealed from:   Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3317

HATTIE A. DICKERSON,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Petition for review of the Merit Systems Protection Board in AT0752070399-I-1.

_____

DECIDED:    March 5, 2008

_____

Before GAJARSA, Circuit Judge, PLAGER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

Petitioner Hattie Dickerson ("Dickerson") appeals from a final decision of the Merit Systems Protection Board ("Board") affirming her removal by the Department of Veterans Affairs ("the agency") for a medical inability to perform her duties as a staff nurse, and dismissing her claims for constructive suspension and restoration/reinstatement. Dickerson v. Dep't of Veterans Affairs, No. AT-0752-07-0399-I-1 (M.S.P.B. Aug. 30, 2007) ("Final Decision"). We affirm.

BACKGROUND

Dickerson was hired as a staff nurse on December 21, 1997, at the Veterans Affairs Medical Center in Dublin, Georgia. On July 24, 2004, Dickerson suffered a

severe allergic reaction for which she was hospitalized. Dickerson claimed that the floor stripping and waxing chemicals used to clean and sanitize the floors at the hospital wards caused that allergic reaction. The agency attempted to accommodate Dickerson's condition by moving her to other wards in the medical center. She continued to have allergic reactions at work since she was unable to completely avoid exposure to the cleaning agents used throughout the medical center. The agency then temporarily assigned Dickerson to the nursing education office, where she could work in a carpeted area as a teaching nurse. She apparently did not have an allergic reaction when working in carpeted areas. Working in the nursing education office, however, could not completely insulate Dickerson from uncarpeted areas of the hospital, since she was required to occasionally visit patients in the hospital wards. As a teaching nurse, Dickerson was also unable to entirely avoid walking through uncarpeted areas simply to get to her office or to use the bathroom. On November 2, 2005, Dickerson failed to report for work and did not return thereafter.

In a letter dated October 23, 2006, Dr. Tanner, Dickerson's physician, confirmed that her severe allergic reactions were caused by the chemicals used to clean and sanitize the hospital wards, and cautioned that she should not come within one foot of those chemicals. On January 9, 2007, the agency issued to Dickerson a notice of a proposed action to remove her from her position based on her medical inability to fully perform the job of a staff nurse. On February 15, 2007, the agency informed Dickerson of its final decision to remove her from her position effective March 2, 2007. Dickerson appealed her removal to the Board.

The administrative judge ("AJ") found that, given her medical condition, Dickerson could not perform the essential duties of any staff nurse position, including those of a teaching nurse. See generally Dickerson v. Dep't of Veterans Affairs, No. AT-0752-07-0399-I-1 (M.S.P.B. May. 24, 2007) ("Initial Decision"). The AJ concluded that the agency could not accommodate Dickerson's condition, that it had no alternative but to remove Dickerson, and that her removal was reasonable. The AJ also found that the removal was not based on prohibited disability discrimination or disability harassment, on a reprisal for an earlier filed Equal Employment Opportunity claim, or on retaliation for whistleblowing. With respect to Dickerson's constructive suspension claim, the AJ concluded that it did not have jurisdiction because her absence was voluntary. Also, with respect to Dickerson's restoration/reinstatement claim, the AJ concluded that it lacked jurisdiction because Dickerson did not claim that she had partially or fully recovered from her alleged compensable injury.

The Board denied Dickerson's petition for review, and the Initial Decision became the final decision of the Board. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

We must affirm the decision of the Board unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence . . . ." 5 U.S.C. § 7703(c); Carr v. Soc. Sec. Admin., 185 F.3d 1318, 1321 (Fed. Cir. 1999).

On appeal, Dickerson primarily disputes the Board's findings of fact. She contends that the Board's finding that the agency could not accommodate her disability and place her in a different position was not supported by substantial evidence. She also asserts that the Board made erroneous credibility findings. The Board's conclusion that Dickerson was unable to perform the essential duties of any nursing position at the medical center was supported by substantial evidence. The Board's credibility determinations are "virtually unreviewable" on appeal. Chambers v. Dep't of Interior, No. 2007-3050, slip op. at 11 (Fed. Cir. Feb. 14, 2008). Accordingly, the Board did not clearly err in concluding that Dickerson's removal was reasonable and that no accommodation could be made.

We have considered appellant's other contentions, including her claim of procedural error during the hearing and her claim of bias by the AJ, and find those to be without merit.

No costs.